1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

THOMAS L. GOFF,

          Plaintiff,

   v.

S. WALTERS, et al.,

          Defendants.

Case No.  1:18-cv-00904-KES-HBK (PC)

ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE

Doc. 55

     Pending before the Court is Plaintiff Thomas L. Goff's Motion to Reopen Case.  Doc. 55.

Liberally construed, Goff appears to seek reconsideration of the Court's April 23, 2021, order

dismissing his case.[1]  For the reasons set forth below, the Court denies the Motion.

**BACKGROUND**

     Plaintiff Thomas L. Goff, currently a state prisoner appearing pro se, initiated this action

under 42 U.S.C. § 1983.  Doc. 1.  On April 23, 2021, Plaintiff's case was dismissed for failure to

prosecute due to Plaintiff's failure to pay the required filing fee after the Court revoked his in

forma pauperis status.  *See* docket.  Plaintiff appealed the Court's order and on December 14,

---

[1] Plaintiff's motion objects "to the findings and recommendation submitted to this court on 12-15-24," and states that "[t]his motion was just sent to [Plaintiff] on 1-25-24."  Doc. 55.  The docket does not reflect any such filing.  Rather, the Court dismissed this case on April 23, 2021 (Doc. 48), Plaintiff appealed, and the Ninth Circuit dismissed Plaintiff's appeal on November 22, 2022 (Doc. 53).

2022, the Ninth Circuit dismissed the appeal for lack of jurisdiction.  Doc. 53.  On April 11, 2024, Plaintiff filed a motion to reopen this case, citing Federal Rule of Civil Procedure 60(b).

<strong>APPLICABLE LAW AND ANALYSIS</strong>

**A.  Legal Standard**

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1)     mistake, inadvertence, surprise, or excusable neglect;

> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4)     the judgment is void;

> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be brought within a reasonable time, and, for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).  Relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances.  *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017).  To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *DeYoung v. On Habeas Corpus*, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013).

Plaintiff asserts that his failure to prosecute the action was due to his health problems, homelessness, and financial difficulties.  *See* Doc. 55.  Liberally construed, Plaintiff appears to argue these circumstances constitute excusable neglect or otherwise warrant relief from the order of dismissal under Rule 60(b)(1) or (6).

///

2

1          **B.      Rule 60(b)(1)**

2          Rule 60(b)(1) authorizes courts to relieve parties from a final judgment or order for

3   "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1).  The decision on

4   a Rule 60(b)(1) motion lies with the sound discretion of the court.  *Rodgers v. Watt*, 722 F.2d 456,

5   460 (9th Cir. 1983) (en banc).  Plaintiff's motion is untimely under Rule 60(b)(1) as it is brought

6   more than a year after the entry of the order of dismissal. Fed. R. Civ. P. 60(c)(1); *Nevitt v.*

7   *United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (district court lacked jurisdiction to consider

8   Rule 60(b)(2) motion filed more than one year after entry of judgment).

9          Plaintiff also fails to establish excusable neglect.  Whether a party's neglect is "excusable"

10  under Rule 60(b)(1) is an equitable determination that "tak[es] account of all relevant

11  circumstances surrounding the party's omission."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*

12  *Ltd. P'ship*, 507 U.S. 380, 395 (1993).  These circumstances include "the danger of prejudice to

13  the [opposing party], the length of delay and its potential impact on judicial proceedings, the

14  reason for the delay, including whether it was within the reasonable control of the movant, and

15  whether the movant acted in good faith."  *Id*.  The first three considerations weigh against a

16  finding of excusable neglect even if Plaintiff's motion had been timely filed.

17         **C.      Rule 60(b)(6)**

18         Unlike Rule 60(b)(1), which requires a motion seeking relief from a final judgment to be

19  filed within a year of judgment, a motion under Rule 60(b)(6) must be filed "within a reasonable

20  time." Fed. R. Civ. P. 60(b)(6).  But even under this criterion, Plaintiff's motion is untimely.

21  Plaintiff asserts that "it was Covid-19 that put this case in a tailspin in 2019 to 2022." Doc. 55 at

22  2.  Plaintiff states that he was kicked out of his sober living housing after contracting COVID-19,

23  became homeless, and suffered severe health and financial problems.  *Id*. at 2-3.  After he was

24  readmitted to CDCR custody he sought to pick up the case where he left off.  *Id*. at 3.  While the

25  Court is sympathetic to Plaintiff's difficulties, they do not justify the lengthy and unreasonable

26  delay in this case.

27         Plaintiff does not dispute that he was timely served with the court's order of dismissal.

28  *See* Doc. 55.  Indeed, Plaintiff filed an appeal from the court's order in November 2022, and the

                                          3

court of appeals dismissed his appeal on December 14, 2022.  Docs. 49, 53.  Plaintiff could have filed a motion to reopen his case much sooner than three years after dismissal.  Plaintiff fails to provide any reasonable explanation for the unexcused three-year delay between the dismissal order and the filing of his motion.  *See, e.g.*, *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (Rule 60(b)(6) motion filed after unexcused two-year delay was untimely).

Plaintiff also fails to establish an extraordinary circumstance warranting relief under Rule 60(b)(6).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).  Plaintiff has failed to establish either manifest injustice or that the Court's order was in error.  The interests of finality and the conservation of judicial resources also do not warrant the use of the extraordinary remedy Plaintiff seeks.  *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  "Mere dissatisfaction with court's order or belief that the court is wrong in its decision are not adequate grounds for relief under Rule 60(b)(6)."  *Brown v. Warden*, No 2:10-cv-2040 MCE KJN P, 2011 WL 2559428, at *3 (E.D. Cal. 2011).

Accordingly, the Court ORDERS:

Plaintiff's Motion to Reopen Case, Doc. 55, is DENIED.


IT IS SO ORDERED.

Dated:   __April 19, 2024__                                    _____
                                                                          UNITED STATES DISTRICT JUDGE

4